UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                 :

         - v. -                          :

                                   :

EMILIANO BOMBA,                          :

            Defendant.                :

- - - - - - - - - - - - - - - - - - - -X

**SEALED**
**INDICTMENT**

19 Cr.

**19 CRIM 463**

## COUNT ONE
(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

1.    From at least in or about 2018, through in or about June 2019, in the Southern District of New York and elsewhere, EMILIANO BOMBA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B), (a)(2)(A), (a)(2)(B), and 1957(a).

2.    It was a part and an object of the conspiracy that EMILIANO BOMBA, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions

which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transactions were designed in whole and in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3.     It was a further part and an object of the conspiracy that EMILIANO BOMBA, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transaction was designed in whole or in part to conceal and disguise the nature,

2

the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

4.    It was a further part and an object of the conspiracy that EMILIANO BOMBA, the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

5.    It was a further part and an object of the conspiracy that EMILIANO BOMBA, the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds

3

from a place in the United States to and through a place outside
the United States, and to a place in the United States from and
through a place outside the United States, knowing that the
monetary instrument and funds represented the proceeds of some
form of unlawful activity, and knowing that the transaction was
designed in whole or in part to conceal and disguise the nature,
the location, the source, the ownership, and the control of the
proceeds of specified unlawful activity, to wit, (i) felonious
narcotics offenses, in violation of Title 21, United States Code;
and (ii) offenses against a foreign nation involving the
manufacture, importation, sale, or distribution of a controlled
substance (as such term is defined for purposes of the Controlled
Substances Act), and to avoid a transaction reporting requirement
under State and Federal law, in violation of Title 18, United
States Code, Section 1956(a)(2)(B).

6.     It was a further part and an object of the conspiracy
that EMILIANO BOMBA, the defendant, and others known and unknown,
within the United States, in an offense involving and affecting
interstate and foreign commerce, knowingly would and did engage
and attempt to engage in monetary transactions in criminally
derived property of a value greater than $10,000 that was derived
from specified unlawful activity, to wit, (i) felonious narcotics

4

offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATION

7.   As a result of committing the offense alleged in Count One of this Indictment, EMILIANO BOMBA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### SUBSTITUTE ASSETS PROVISION

8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with,

5

a third person;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

                    (Title 18, United States Code, Section 982;
                Title 21, United States Code, Section 853; and
                Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### EMILIANO BOMBA,

Defendant.

### SEALED
### INDICTMENT

19 Cr.

(18 U.S.C. § 1956)

GEOFFREY S. BERMAN
United States Attorney

A TRUE BILL

*Foreperson*

*Sealed Indictment*
*USMJ Netburn*
*6/21/19*