K2VBOMA

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 CR 463 (DLC)

EMILIANO BOMBA,

            Defendant.                  ARRAIGNMENT

------------------------------x
                                        New York, N.Y.
                                        February 6, 2020
                                        4:08 p.m.

Before:

                    HON. DENISE COTE,

                                        District Judge

                         APPEARANCES

GEOFFREY S. BERMAN,
     United States Attorney for the
     Southern District of New York
SEBASTIAN A. SWETT
ALINE R. FLODR
     Assistant United States Attorneys

TELESFORO DEL VALLE, JR.
     Attorney for Defendant


ALSO PRESENT:  FRANCISCO OLIVERO, Interpreter (Spanish)
               LEA HARMON, Pretrial Services
```

1           (Case called)
2           THE DEPUTY CLERK:  Is the government ready to proceed?
3           MR. SWETT:  Yes.  Good afternoon, your Honor.
4           Sheb Swett and Aline Flodr, for the United States.
5           THE DEPUTY CLERK:  For the defendant, Bomba, are you
6   ready to proceed?
7           MR. DEL VALLE:  Yes.  Good afternoon, your Honor.
8           Ted Del Valle, representing Mr. Emiliano Bomba.
9           THE COURT:  Welcome, everyone.
10          We're assisted by an interpreter this afternoon who is
11  certified to interpret between Spanish and English.
12          Mr. Bomba, if you have any difficulty understanding
13  what is being said through the interpreter, will you please let
14  me know immediately?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Thank you.
17          I'll take a statement from you, Mr. Swett, if I could,
18  just to give me some procedural background of how it was the
19  defendant has arrived in this district.
20          MR. SWETT:  Yes, your Honor.
21          The defendant was indicted on June 20th, 2019 in a
22  one-count indictment charging conspiracy to commit money
23  laundering.  He was arrested in the Central District of
24  California on January 13th, 2020 at approximately 10 p.m.  He
25  was presented the following day in the Central District of

1   California, at which time he requested both a bail hearing and
2   an identity hearing.
3           The bail hearing was held on January 17th, 2020.  At
4   that time the magistrate judge in California ordered his
5   ongoing detention, and he waived his identity hearing at that
6   point.
7           We were notified of his arrival in the district
8   yesterday at approximately 10:30 a.m.  I'm not sure if he
9   arrived on the 5th or on February 4th.
10          Contacted counsel for Mr. Bomba, contacted the Court,
11  and there was an agreement that he would not be presented in
12  magistrate court yesterday, he would waive that; he would
13  appear before your Honor today for his arraignment and
14  presentment.
15          THE COURT:  So why don't I advise him of his rights as
16  if it were his first appearance in court, since it's his first
17  appearance in the Southern District.
18          MR. SWETT:  Thank you, your Honor.
19          THE COURT:  And also arraign him on the indictment.
20          So, Mr. Bomba, I want to advise you of the following
21  rights:  You have the right to remain silent.  You are not
22  required to make any statements.  Anything that you do say can
23  be used against you.  Even if you have already made statements
24  to the authorities, you do not need to make any further
25  statements.  Do you understand that?

K2VBOMA

1           THE DEFENDANT:  Yes.
2           THE COURT:  You have the right to be represented by
3    counsel during this Court proceeding and any future court
4    proceedings, and at any time that you are questioned by the
5    authorities.  Do you understand that?
6           THE DEFENDANT:  Yes.
7           THE COURT:  And if you cannot afford an attorney, I
8    will appoint an attorney to represent you.
9           Do you understand that?
10          THE DEFENDANT:  I didn't hear that.
11          THE COURT:  Yes.  Let me repeat it.
12          If you cannot afford an attorney, I will appoint an
13   attorney to represent you.  Do you understand that?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Now, you've been charged in an indictment;
16   it bears the number 19 CR 463.
17          Have you received a copy of that indictment?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Do you wish me to read it to you?
20          THE DEFENDANT:  No.
21          THE COURT:  How do you plead, guilty or not guilty?
22          THE DEFENDANT:  Not guilty.
23          THE COURT:  You may be seated.
24          Based on what you just told me, Mr. Swett, it seems as
25   if that, at most, one day has elapsed on the speedy trial

1  clock.

2  　　　　MR. SWETT:  That would be the government's position,
3  yes, your Honor.

4  　　　　THE COURT:  Okay.  And what is the government's
5  proposal as to discovery?

6  　　　　And by the way, I should place on the record that I
7  have received a letter from the government of February 6, I
8  have filed that under seal, and it relates to discovery
9  matters.

10  　　　　MR. SWETT:  Your Honor, we would propose a deadline of
11  May 8th, 2020 to substantially complete discovery.  And I'll
12  briefly explain why a longer schedule is appropriate here.

13  　　　　Discovery is voluminous in this case.  This is a case
14  in which we allege a wide-ranging network of money launders in
15  multiple countries.  And I'll go through some of the categories
16  of evidence that we would produce in discovery.

17  　　　　So with respect to the defendant's statements, there
18  are consensual recordings involving the defendant, there are
19  consensual encrypted messages in which we allege the defendant
20  is one of the participants.  There is an email account that we
21  believe was used or at least controlled by the defendant.

22  　　　　With respect to, sort of, suppressible process that we
23  obtained, there were Title III intercepts for about six months
24  in this case on BlackBerry messenger.  Now, we actually don't
25  believe that the defendant was intercepted, but we believe it's

1    part of the case.

2             There were warrants for about a dozen email accounts
3    and devices, including the email account that we believe the
4    defendant controlled.  There were also many, many GPS orders in
5    the course of surveillance.  And we'll produce those.  I don't
6    know if there's anything to suppress for the defendant.  But
7    that's sort of the nature of the warrants that we obtained in
8    this case.

9             And then through subpoenas, we obtained dozens and
10   dozens and dozens of bank records.  We'll be producing DEA
11   investigative reports about surveillance, about seizures, about
12   money pickups that were done with undercover agents or
13   cooperating informants.  There are lab reports of narcotics
14   that were seized in the course of this case.  There are videos
15   and recordings of operations that happened here in the United
16   States and abroad.  And all of this totals up to a large amount
17   of discovery.

18            Additionally, we would be requesting that the Court
19   enter a protective order.  We'll be sending a proposed copy to
20   defense counsel in the next day or two.

21            Where things stand right now, we actually have --
22   we've compiled an initial production that we hope we can get
23   out shortly after the protective order is entered.  It's about
24   50,000 pages; it consists of the bank records, which is the
25   bulk of it.  And then all of the email search warrants, sort

1    of, electronic search warrants, and the wiretap paperwork, in
2    case there's anything in there that the defendant wants to
3    suppress.
4              And obviously this would be a rolling production.  And
5    our priority would be matters, sort of, that might give rise to
6    motions; so the arrest paperwork, you know, anything that
7    directly bears on the defendant's conduct.  And then as we,
8    sort of, collected and gathered and processed the rest of it,
9    we would continue producing it on a rolling schedule.
10             THE COURT:  Thank you.
11             If this case went to trial, roughly how long do you
12   think it would take to try?
13             MR. SWETT:  Approximately two weeks.  And that's
14   knowing that your Honor tries a very quick case.
15             THE COURT:  Okay.  And I take it the principal sources
16   of your evidence at trial would be, what, some of the evidence
17   you've just described here --
18             MR. SWETT:  Yes, your Honor.
19             THE COURT:  -- that will be produced in discovery.
20             MR. SWETT:  Yes.
21             THE COURT:  And have counsel discussed with each other
22   a potential schedule for trial?
23             MR. SWETT:  We have.  We would propose a trial in
24   early December, your Honor.
25             THE COURT:  So I think December 7th is a Monday.

K2VBOMA

1       So, Mr. Del Valle, does December 7th work for you?

2       MR. DEL VALLE:  It does, your Honor.

3       THE COURT:  Knowing that there is this massive
4  discovery to be produced and that it will be produced on a
5  rolling schedule, I'm thinking of setting a motion schedule for
6  early September, with the understanding, Mr. Del Valle, that
7  you could bring a motion earlier, if you wanted.

8       Does this make sense?

9       MR. DEL VALLE:  It does make sense, your Honor.

10       And none of this is a surprise.  The government was
11  kind enough in their conversations with me to alert me that
12  this was coming.

13       THE COURT:  Good.

14       So we'll say defense motions due September 4th, any
15  opposition due September 11th.  And that would give us time to
16  hold any suppression hearing, if one were required, either in
17  late September or some time in October that's convenient for
18  counsel.  And then give everybody a chance to prepare for trial
19  to be held in early December.

20       Again, Mr. Del Valle, if you decide you want to bring
21  an earlier motion than September 4th, that's just fine with me.
22  Just write me a letter and alert me to the preferred schedule.

23       MR. DEL VALLE:  Yes, your Honor.

24       And I will certainly discuss it with the government,
25  as well as the schedule.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    THE COURT:  Okay.  Good.
2    Any objection then to an exclusion of time under the
3 Speedy Trial Act from today until December 7th?
4    MR. DEL VALLE:  No, your Honor.
5    THE COURT:  So I'm going to exclude time from today
6 until December 7th, pursuant to Title 18, United States Code,
7 Section 3161(h)(7)(A), finding the exclusion to be in the best
8 interest of the public and -- best interest of justice and
9 outweigh the best interest of the public and the defendant in a
10 speedy trial.
11   It will permit production of voluminous discovery.  It
12 will give the defendant and his attorney an opportunity to
13 review that discovery and conclude what the defendant wants to
14 do.
15   If the defendant wishes to enter a plea of guilty or
16 discuss a disposition with the government, it will give the
17 defendant time to talk about that with his attorney, and for
18 his attorney to talk about that option with the government.  If
19 the defendant prefers to go to trial, it will give the
20 defendant an opportunity, through his counsel, to make motions
21 in September, for those motions to be resolved, and for
22 everyone to prepare for trial.
23   I want to advise you, Mr. Bomba, that this trial date
24 that I've set of December 7th is a firm trial date.  And,
25 therefore, if you wish to change counsel, you should do so

K2VBOMA

1  promptly so that that attorney has plenty of time to prepare
2  your defense in this case and to consult with you.
3           And, of course, as I understand it, Mr. Del Valle is
4  retained counsel.  And should you be unable to afford retained
5  counsel again, you have a right to appointed counsel.  That
6  decision should be --
7           THE INTERPRETER:  My apologies, your Honor.  It seems
8  that there is a problem with the headphone.
9           (Pause)
10          THE INTERPRETER:  Your Honor, for the time being, the
11 interpreter will sit next to the defendant.
12          THE COURT:  Thank you.
13          THE INTERPRETER:  Your Honor, the interpreter
14 interpreted up to the point where you said that he is entitled
15 to an attorney, that he doesn't have money to pay for one.
16          THE COURT:  Thank you.
17          So if for any reason you decide that you cannot afford
18 retained counsel, you have a right under the law for me to
19 appoint counsel to represent you in this case, competent
20 counsel who would have your best interest at heart.
21          But, again, you should make that decision sooner
22 rather than later so that that attorney has plenty of time also
23 to understand the charges against you, properly advise you of
24 this case and, if you want to go to trial, to prepare for
25 trial.

K2VBOMA

1          Do you understand what I've explained to you,
2  Mr. Bomba?
3          THE DEFENDANT:  Yes.
4          THE COURT:  Thank you.
5          As I understand, there is a consent to detention
6  without prejudice to a further application?
7          MR. DEL VALLE:  There is, your Honor.
8          Just for the record, I have also reviewed with
9  Mr. Bomba the pretrial services report.  I did speak yesterday
10 over the phone with an officer from U.S. Pretrial Services.
11 There are some conditions and recommendations there.
12         I don't have the suretor that's recommended, which is
13 Mr. Bomba's cousin, who lives here in Manhattan, present in
14 court today.  But what I propose is to consent to his detention
15 without prejudice, with the Court's permission; and then I will
16 certainly have everything ready for the government to review
17 prior to anything.  And if there's an issue, we could bring it
18 up either with your Honor or with magistrate's court, as your
19 Honor may prefer.
20         THE COURT:  Thank you.
21         No, I'll handle any bail application absolutely
22 though.  So this is on detention, on consent, but without
23 prejudice to a further application for bail.
24         MR. DEL VALLE:  Thank you, your Honor.
25         THE COURT:  So Mr. Swett, is there anything else we

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

K2VBOMA

1   need to do?
2            MR. SWETT:  No.  Thank you, your Honor.
3            THE COURT:  Mr. Del Valle, anything else?
4            MR. DEL VALLE:  Nothing further from the defendant.
5        Thank you, your Honor.
6            THE COURT:  Thank you.
7                         *   *   *
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25