UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA               :
                                       :    SEALED SUPERSEDING
            - v. -                     :    INDICTMENT
                                       :
EMILIANO BOMBA,                        :    S2 19 Cr. 463 (DLC)
BRIAN PARRA MACHADO,                   :
JOSE BAEZ, and                         :
ANDY GARIBALDI LOPEZ,                  :
                                       :
            Defendants.                :
                                       :
- - - - - - - - - - - - - - - - - -X

**COUNT ONE**
(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

1. From at least in or about 2018, through in or about 2020, in the Southern District of New York and elsewhere, EMILIANO BOMBA and JOSE BAEZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B), (a)(2)(A), (a)(2)(B), and 1957(a).

2. It was a part and an object of the conspiracy that EMILIANO BOMBA and JOSE BAEZ, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire

transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transactions were designed in whole or in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3. It was a further part and an object of the conspiracy that EMILIANO BOMBA and JOSE BAEZ, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii)

offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

4. It was a further part and an object of the conspiracy that EMILIANO BOMBA and JOSE BAEZ, the defendants, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined

for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

5. It was a further part and an object of the conspiracy that EMILIANO BOMBA and JOSE BAEZ, the defendants, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B).

4

6. It was a further part and an object of the conspiracy that EMILIANO BOMBA and JOSE BAEZ, the defendants, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code; and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

**COUNT TWO**
(Narcotics Conspiracy)

The Grand Jury further charges:

7. In or about March 2018, in the Southern District of New York and elsewhere, BRIAN PARRA MACHADO, JOSE BAEZ, and ANDY GARIBALDI LOPEZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree, together and with each other, to violate the narcotics laws of the United States.

5

8. It was a part and an object of the conspiracy that BRIAN PARRA MACHADO, JOSE BAEZ, and ANDY GARIBALDI LOPEZ, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

9. The controlled substance that BRIAN PARRA MACHADO, JOSE BAEZ, and ANDY GARIBALDI LOPEZ, the defendants, conspired to distribute and possess with intent to distribute was one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATIONS**

10. As a result of committing the offense alleged in Count One of this Indictment, EMILIANO BOMBA and JOSE BAEZ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

11. As a result of committing the controlled substance offense alleged in Count Two of this Indictment, BRIAN PARRA MACHADO, JOSE BAEZ, and ANDY GARIBALDI LOPEZ, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## SUBSTITUTE ASSETS PROVISION

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

    (Title 18, United States Code, Section 982;
    Title 21, United States Code, Section 853; and
    Title 28, United States Code, Section 2461.)

*[signature]*
FOREPERSON

*[signature]*
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**EMILIANO BOMBA, et al.**

Defendants.

---

**SEALED SUPERSEDING
INDICTMENT**

S2 19 Cr. 463 (DLC)

(18 U.S.C. § 1956, 21 U.S.C. § 846)

GEOFFREY S. BERMAN
United States Attorney

A TRUE BILL

_/s/_
Foreperson

---

- TRUE BILL, ARREST WARRANTS,
- SEALED SUPERSEDING INDICTMENT
- MJ LEHRBURGER 2/13/2020